**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8388 PA (JEMx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corp. v. Danny Fuentes, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by Danny Fuentes ("Defendant") on October 11, 2011. (Docket No. 1.) Plaintiff Federal Home Loan Mortgage Corporation's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

      Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      The Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged in the Complaint. Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. The Notice of Removal only alleges that federal jurisdiction exists because the Defendant "will be filing a lawsuit" against Plaintiff

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8388 PA (JEMx) | Date | October 12, 2011 |
|---|---|---|---|

| Title | Federal Home Loan Mortgage Corp. v. Danny Fuentes, et al. |
|---|---|

in federal court alleging violations of federal laws involving the same property and parties. (Notice of Removal at 2.) The Defendant also alleges that "the mere filing of [this suit] and the acceptance of the Complaint by the State Court where the eviction proceedings are being held" constitutes a violation of his procedural and substantive due process rights under the Fifth Amendment. (Id. at 3.) These allegations (which may or may not constitute federal defenses) are insufficient to establish the Court's federal question jurisdiction, as they do not establish that Plaintiff's claim for unlawful detainer is in fact one that "arises under" federal law.

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists. The Court lacks subject matter jurisdiction and hereby remands this action to the Los Angeles County Superior Court, Case No. 11009630. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.